**SO ORDERED.**

**SIGNED this 19th day of March, 2008.**

_____
**LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| CHARLES ALVARADO AND DORIS ALVARADO | 02-56000-LMC |
| *DEBTORS* | CHAPTER 13 |
| CHARLES ALVARADO AND DORIS ALVARADO | |
| *PLAINTIFFS* | |
| v. | ADV. NO. 07-5089-LMC |
| WASHINGTON MUTUAL BANK, F.A. AND CODILIS & STAWIARSKI, P.C. | |
| *DEFENDANTS* | |

**MEMORANDUM DECISION AND ORDER DENYING WASHINGTON MUTUAL'S JURY DEMAND**

CAME ON for consideration the jury demand filed by Washington Mutual Bank, F.A. ("Washington Mutual"). (Dkt. #12). Washington Mutual is a co-defendant in this adversary proceeding, and claims that it is entitled to a trial by jury under the Seventh Amendment. It is the only party that made a timely jury demand, and is therefore the only party whose alleged entitlement

to a jury trial we consider in this memorandum decision and order. For the reasons discussed below, the court finds that Washington Mutual has forfeited its right to a jury trial by submitting itself to the equitable jurisdiction of this court.

### **Background**

The plaintiffs in this adversary proceeding are the debtors in the related main case, filed under chapter 13 of the Bankruptcy Code[1] on December 3, 2002. That bankruptcy case remains open.[2] The plaintiffs commenced this adversary proceeding on August 6, 2007, asserting several causes of action against Washington Mutual and its counsel based on their alleged misconduct during the course of the underlying bankruptcy case. According to the complaint, the plaintiffs executed a note in 1998 which was secured by a deed of trust granting Washington Mutual a lien on certain real property which the plaintiffs claimed as their homestead.[3] The complaint further alleged that Washington Mutual unilaterally, and without relief from the automatic stay, made an advance to pay off the debtors' delinquent property taxes, despite the plaintiffs' proposal to pay those taxes through the chapter 13 plan. *See* Complaint, ¶ 11 (Adv. Case No. 07-5089, Dkt. #1). Shortly after paying these taxes, the plaintiffs allege, Washington Mutual increased the plaintiffs' monthly mortgage payment, representing to the plaintiffs that this increase was necessary to create an escrow for future property taxes. The plaintiffs argue, however, that Washington Mutual actually increased the monthly payments to recoup the unauthorized advance for pre-petition property taxes.

---

[1] *See* 11 U.S.C. §§ 101 et Seq.

[2] *See* Bankr. Case No. 02-56000-lmc. Because the plaintiffs in this adversary proceeding are also debtors in the related case, this order uses the term "plaintiff" and "debtor" interchangeably.

[3] The proofs of claim on file and the record of the bankruptcy case indicate that Washington Mutual serviced the loan advanced to the plaintiffs, and Long Beach Mortgage Company ("Long Beach") actually owns (or did previously own) the note that is the subject of Washington Mutual's proof of claim. In the interest of clarity, however, this order will refer only to Washington Mutual, as the plaintiffs have not named Long Beach in their complaint.

*Id.* ¶ 12. Washington Mutual filed a motion for relief from stay when the plaintiffs failed to make the newly increased monthly payments, but that motion was withdrawn after several resets. *Id.* ¶ 14; *see also* Case No. 02-56000-lmc, Dkt. #62. Washington Mutual amended its proof of claim on March 3, 2004 to include post-petition "arrearages" because, as the plaintiffs argue, the debtors refused to make any further monthly payments until Washington Mutual could determine the correct amount owed. *Id.* ¶¶ 15-16.

Two months later, Washington Mutual filed its second motion for relief from stay, which resulted in an Agreed Order through which the plaintiffs agreed to continue making the monthly payments in an amount somewhere between what the two parties believed to be the accurate payment amount. *See id.* ¶ 17. Almost one year later, the complaint continues, Washington Mutual issued a Certificate of Default, claiming the plaintiffs violated a term of the Agreed Order. *Id.* ¶ 19. At the plaintiffs' request, the court held a hearing to determine whether the plaintiffs, in fact, did comply with the Agreed Order. During that hearing, the court determined that the automatic stay should remain in effect with respect to Washington Mutual. Despite this order, the plaintiffs contend, Washington Mutual foreclosed on the plaintiffs' home just a week after that hearing. *Id.* ¶¶ 22-23. The plaintiffs further contend that, even after this foreclosure and after allegedly being asked by Washington Mutual and its attorneys to vacate the plaintiff's home, the plaintiffs continued (and, perhaps, still do continue) to receive demands from Washington Mutual and its attorneys for the payment on the deficiency from the foreclosure sale. *Id.* ¶ 27. Finally, the plaintiffs contend that they never obtained a ruling on their objection to Washington Mutual's proof of claim. According to the plaintiffs, this court dismissed their objection as moot because Washington Mutual "erroneously informed the Trustee that the stay had lifted." *Id.* ¶ 16.

Based on these allegations, the plaintiffs assert the following causes of action: violations of the automatic stay, violations of RESPA, breach of contract, negligence, gross negligence, intentional infliction of emotional distress, violations of both the Texas and federal debt collection practice acts, breach of fiduciary duty, and further request other declaratory relief. Despite having filed at least one proof of claim in this case,[4] and despite being quite active in the claims allowance process during the course of this bankruptcy case, Washington Mutual now requests a trial by jury on the causes of action asserted by the plaintiffs.

## Discussion

The overwhelming majority of courts hold that the filing of a proof of claim is tantamount to the creditor's submission to the equitable jurisdiction of the bankruptcy court over matters concerning proofs of claim, such as the ones filed in this bankruptcy case. True, the Seventh Amendment preserves the right to a jury trial in "all actions in which legal rights are to be determined." *See Allison v. Citgo Petroleum Corp.,* 151 F.3d 402, 422-23 (5th Cir. 1998) (citations omitted). The case law, however, could not be any clearer on the effect of Washington Mutual's filing of a proof of claim: "[O]nce a party invokes the core jurisdiction of the bankruptcy court by filing a proof of claim, that party has no Seventh Amendment right to a jury trial." *Institut Pasteur & Genetic Systems Corp. v. Cambridge Biotech Corp. (In re Cambridge Biotech Corp.),* 186 F.3d 1356, 1372 (Fed. Cir. 1999) (citing *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 58-59, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *Langenkamp v. Culp,* 498 U.S. 42, 44-45, 111 S.Ct. 330, 112 L.Ed.2d

---

[4] Claim #2 in Bankruptcy Case 02-56000-lmc was filed by "E. Hook - Moss, Codilis et. al as Agent for Washington Mutual Bank." That claim was filed on January 21, 2003 and amended on March 2, 2004 by Claim #11 to include a post-petition arrearage. The amended claim was filed by "Patrick McBride, Attorney Moss Codilis for Washington Mutual Bank." While the named creditor on those claims is Long Beach Mortgage Company, they are, nonetheless, proofs of claims filed by Washington Mutual in light of the boxes indicating where notice should be sent and the signature lines, which were signed by attorneys on behalf of Washington Mutual.

343 (1990); *Germain v. Conn. Nat'l Bank,* 988 F.2d 1323, 1329 (2d Cir.1993)); *see also SNA Nut Co. v. Haagen-Dazs Co.,* 302 F.3d 725, 730-31 (7th Cir. 2002); *Billing v. Ravin, Greenberg & Zackin, P.A.,* 22 F.3d 1242, 1250 (3d Cir. 1994). The issue, then, is whether Washington Mutual has invoked the core equity jurisdiction of this court and whether the subject of the plaintiff's complaint is intertwined with that jurisdiction. This court concludes, based on its review of the claims docket and the allegations in the complaint, that Washington Mutual *has* invoked the court's core jurisdiction — that is, the claims allowance process — and further concludes that Washington Mutual's alleged conduct, according to the plaintiffs' complaint, is inextricably intertwined with that process. Here is why.

The allegations asserted by the plaintiffs in this adversary proceeding — *i.e.*, Washington Mutual's filing and amending its proof of claim, paying the plaintiffs' delinquent property taxes, improperly billing the plaintiffs, filing motions for relief from stay, foreclosing on the debtors' house, misleading the court into dismissing the plaintiffs' objection to Washington Mutual's claim as moot, and demanding payment for the deficiency from the sale — are all closely intertwined with the claims allowance process. If the plaintiffs are correct that Washington Mutual was unable to determine the correct amount owed them by the plaintiffs, this failing, argues the plaintiffs, caused their inability to make proper payments to Washington Mutual, which then led to the foreclosure on their house in what plaintiffs claim is in gross derogation of this court's orders and the statutory prohibition on such actions set out in section 362 of the Bankruptcy Code. More importantly, though, the plaintiff's allegation that Washington Mutual misled this court into dismissing the plaintiffs' claim objection has a *direct* effect on the claims allowance process.

The court acknowledges that many of the plaintiffs' claims are legal in nature. The mere

assertion of legal claims, however, does not itself require a separate jury trial over those claims if those claims are intertwined with the claims allowance process or other matters at the core of the bankruptcy process. *See, e.g., Langenkamp v. Culp,* 498 U.S. 42, 44, 111 S.Ct. 330, 331-32, 112 L.Ed.2d 343 (1990) ("Accordingly, 'a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate.' [*Granfinanciera,* 492 U.S. at 58, 109 S.Ct. at 2799.] Respondents filed claims against the bankruptcy estate, thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court. Consequently, they are not entitled to a jury trial on the trustee's preference action."); *but see Mirant Corp. v. The Southern Co.,* 337 B.R. 107, 121 (N.D. Tex. 2006) (McBryde, J.).[5] In this case, all claims asserted by the plaintiffs are based on Washington Mutual's alleged actions taken to collect payment on its claim and to protect the collateral securing its claim. While these actions may also violate non-bankruptcy laws, and while the plaintiffs may also request monetary relief, the allegations are clearly intertwined with the core jurisdiction of this court — that is, the claims allowance process and purported violations of the automatic stay. Because Washington Mutual, by filing a proof of claim and by taking actions with respect to that claim, submitted itself to the

---

[5] In *Mirant Corp. v. The Southern, Co.,* the court questioned whether the filing of a proof of claim constitutes a waiver of that creditor's right to a trial by jury. For such a proposition, the court relied, *inter alias*, on *In re Bryant,* 626 F.2d 492 (5th Cir. 1980). But *Bryant* was decided under the Bankruptcy Act, prior to the effective date of the Bankruptcy Code and prior to *Granfinanciera* and *Langenkamp*. It is unclear whether the Fifth Circuit would agree with *Bryant*'s conclusion today, especially in light of these more recent Supreme Court decisions. *See In re Jensen,* 946 F.2d 369, 374 (5th Cir. 1991) (noting that the filing of a proof of claim may constitute a waiver of any right to a jury trial, but that the filing of a bankruptcy petition did not have that same effect), *abrogated on other grounds by In re El Paso Elec. Co.,* 77 F.3d 793, 794 (5th Cir. 1996). The *Mirant* court did advert to *Langencamp*, but seemed to argue that that decision should be limited to its facts and thus only be applied to jury demands made in preference actions. *See Mirant*, 227 B.R., at 121. But that is a niggardly reading of the broad language employed by the Supreme Court, which clearly premised its decision on the relationship of the action in question to the claims allowance process. *See Langencamp v. Culp*, 489 U.S., at 44. The court in *Mirant* also sought to apply the *Brady* standard for "knowingly, voluntarily, and intelligently" waiving constitutional rights, *see Mirant*, 337 B.R., at 121, but the Supreme Court's own decision in *Langenkamp* clearly undercuts that logic. *Brady* is certainly a fair statement of the general rule regarding waivers of constitutional rights, but it must yield to the more specific rule announced by the Court in *Langenkamp*.

equitable jurisdiction of this court, Washington Mutual has waived its Seventh Amendment right to a trial by jury in this adversary proceeding.

## **Conclusion**

For the foregoing reasons, the court concludes that Washington Mutual has forfeited its Seventh Amendment right to a trial by jury in this adversary proceeding. Washington Mutual's jury demand is therefore DENIED.

# # #